**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 03-20127-KHV** |
| **DANIEL MONTGOMERY,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

On September 18, 2003, the grand jury issued an indictment which charged that on or about May 5, 2003, defendant knowingly and intentionally possessed with intent to distribute 100 or more marijuana plants, a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) and 18 U.S.C. § 2. See Doc. #1. On January 19, 2005, after a two-day trial, the jury found defendant guilty as charged. See Doc. #47. On February 2, 2005, defendant filed a Motion For Judgment Of Acquittal (Doc. #49). On March 21, 2005, the Court issued an order to show cause why it should not grant a new trial or, alternatively, enter a judgment of acquittal. See Order To Show Cause (Doc. #51). This matter comes before the Court on the parties' responses to the show cause order.

**Legal Standards For Motions For Judgment Of Acquittal**

In considering a motion for judgment of acquittal pursuant to Rule 29, Fed. R. Crim. P., the Court cannot weigh the evidence or consider the credibility of witnesses. See Burks v. United States, 437 U.S. 1, 16 (1978). Rather, the Court must "view the evidence in the light most favorable to the government and then determine whether there is sufficient evidence from which a jury might properly find the accused guilty

beyond a reasonable doubt." United States v. White, 673 F.2d 299, 301 (10th Cir. 1982). The jury may base its verdict on direct and circumstantial evidence, together with all reasonable inferences that can be drawn therefrom, in the light most favorable to the government. See United States v. Hooks, 780 F.2d 1526, 1531 (10th Cir. 1986). Acquittal is proper only if the evidence implicating defendant is nonexistent or "so meager that no reasonable jury could find guilt beyond a reasonable doubt." White, 673 F.2d at 301; see United States v. Brown, 995 F.2d 1493, 1502 (10th Cir. 1993) (evidence supporting conviction "must be substantial and must not raise a mere suspicion of guilt"), overruled on other grounds by United States v. Prentiss, 256 F.3d 971 (10th Cir. 2001).

**Analysis**

In the show cause order, the Court questioned whether the evidence was sufficient to support a conviction of the crime charged, i.e. possession of 100 or more marijuana plants with intent to distribute. In so doing, the Court noted that during trial the government objected to any special interrogatory which would allow the jury to find that defendant possessed less than 100 marijuana plants with intent to distribute and "expressly stated that it did not want to give the jury the option to convict defendant for possessing less than 100 plants with intent to distribute." Order To Show Cause (Doc. #51) at 3. The government challenges the accuracy of these statements, see Response To The Court's Order To Show Cause ("Government's Response") (Doc. #55) at 2, and indeed the informal jury instruction conference – where the Court believes these positions were unequivocally and clearly articulated – was off the record. More to the point, however, the government did not object to the Court's instructions and verdict form – which prevented the jury from finding that defendant was guilty of possessing a lesser number of plants with intent to distribute. See Order To Show Cause (Doc. #51) at 2-3.

The government asserts that defendant concurred in the same instructions, and that the invited error doctrine prevents him from seeking relief on the ground that the instructions were erroneous. See Response To The Court's Order To Show Cause (Doc. #55) at 2-3. This argument misses the mark. The instructions were not erroneous if the government elected to submit its case on that theory and defendant did not request a lesser included offense instruction. See United States v. Duran, 127 F.3d 911, 914-15 (10th Cir. 1997) (court must instruct on lesser included offense when, inter alia, defendant properly requests instruction); United States v. Lopez Andino, 831 F.2d 1164, (1st Cir. 1987) (failure to give lesser included offense instruction not error where defense counsel did not request instruction and stated no objection to charge given).[1] The Court's concern is whether the evidence established beyond a reasonable doubt that defendant possessed 100 or more marijuana plants with intent to distribute, as the instructions required. See Order To Show Cause (Doc. #51) at 2-3. The invited error doctrine does not apply. Cf. United States v. Johnson, 183 F.3d 1175, 1179 n.2 (10th Cir. 1999) (invited error doctrine prevents party from

---

[1] The United States Supreme Court has held that the Constitution requires the court to give a lesser included offense instruction when defendant faces a death sentence. See Beck v. Alabama, 447 U.S. 625, 637-39 (1980). The Supreme Court, however, expressly stated that it need not decide whether a lesser included offense instruction is required in a non-capital case. See id. at 638 n.14. The Tenth Circuit, along with the Fifth, Ninth and Eleventh Circuits, has held that the Constitution does not impose such a duty in non-capital cases (i.e. they will not entertain habeas cases based on failure to give a lesser included instruction in non-capital cases). See Chavez v. Kerby, 848 F.2d 1101, 1103 (10th Cir. 1988); Trujillo v. Sullivan, 815 F.2d 597, 602-04 (10th Cir.), cert. denied 484 U.S. 929 (1987); Valles v. Lynaugh, 835 F.2d 126, 127 (5th Cir. 1988); Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir.), cert. denied, 469 U.S. 838 (1984); Perry v. Smith, 810 F.2d 1078, 1080 (11th Cir. 1987). The Third and Sixth Circuits, however, have applied the Beck rule generally to non-capital cases. See Vujosevic v. Rafferty, 844 F.2d 1023, 1027 (3d Cir. 1988); Ferrazza v. Mintzes, 735 F.2d 967, 968 (6th Cir. 1984). The First and Seventh Circuits will entertain a habeas case in a non-capital case only if defendant can show fundamental injustice. See Tata v. Carver, 917 F.2d 670, 672 (1st Cir. 1990); Nichols v. Gagnon, 710 F.2d 1267, 1272 (7th Cir. 1983), cert. denied, 466 U.S. 940 (1984).

inducing action by court and later seeking reversal on ground that requested action was error).

In the show cause order, the Court noted that to convict defendant as charged, the government had to prove beyond a reasonable doubt that defendant intended to distribute marijuana from at least 100 plants. See Order To Show Cause (Doc. #51) at 5 (citing United States v. Asch, 207 F.3d 1238, 1240 (10th Cir. 2000), and United States v. Rodriguez-Sanchez, 23 F.3d 1488 (9th Cir. 1994), as modified by Apprendi v. New Jersey, 530 U.S. 466 (2000)). The Court noted that in the light most favorable to the government, the evidence established that defendant possessed 101 marijuana plants. It also established that defendant smoked a large amount of the marijuana which he grew and that he possessed at least two mother plants from which he cloned to propagate additional plants. The Court questioned whether it should have instructed the jury that it could not consider plants which defendant held for purposes other than distribution, i.e. for cloning or for personal consumption. See Order To Show Cause (Doc. #51) at p.6.

As to personal consumption, the government asserts that this case is factually distinct from cases which involve a finite quantity of harvested drugs. Because a marijuana plant can provide a continuous supply of marijuana, the government maintains that the Court should count the entire plant if it shows that defendant planned to distribute some portion of the plant, even if defendant also intended to personally consume some portion of the plant. The Court agrees with the government's position in this regard. See Government's Response (Doc. #55) at 4-8. In United States v. Osburn, 955 F.2d 1500 (11th Cir. 1992), the Eleventh Circuit noted that Section 841 treats crimes which involve marijuana plants more harshly than crimes which involve harvested marijuana. See id. at 1508-09. Specifically, for penalty purposes, the statute treats one marijuana plant, regardless of size, as equivalent to 1000 grams of harvested marijuana, even though the average yield on a marijuana crop could not approach that amount. See id. at 1509. The

Eleventh Circuit found that in creating the disparity, Congress was attempting to measure the severity of the offense, not the actual weight of marijuana grown. Id. at 1508. It further found that by focusing on those involved in the earlier stages of drug distribution, Congress sought to stop the drug problem early in the distribution cycle. See id. at 1509. Based on this reasoning, the Court finds that if defendant intended to distribute any portion of a plant, Congress intended to count the entire plant under Section 841. The record contains no evidence that defendant segregated plants which he intended to use for personal consumption. Construed in the light most favorable to the government, evidence regarding personal consumption does not require a judgment of acquittal.

As to the mother plants, the government contends that the jury verdict properly included such plants. Specifically, the government argues that the mother plants should be counted because Congress intended to outlaw all marijuana plants. In support of its argument, the government cites manufacturing cases. See Government's Response at 8-10 (citing United States v. Proyect, 989 F.2d 84 (2d Cir. 1993); United Stated v. DeLeon, 955 F.2d 1346 (9th Cir. 1992); United States v. Curtis, 965 F.2d 610 (8th Cir. 1992)). In those cases, defendants argued that courts should not count male marijuana plants under Section 841 because male plants are less desirable to smoke and are not marketed commercially. The courts rejected the arguments, finding that the statute does not distinguish male and female plants. See Proyect, 989 F.2d at 88; DeLeon, 955 F.2d at 1350; Curtis, 965 F.2d at 616. The Court agrees that in manufacturing cases, mother plants should be counted. See, e.g., United States v. Frost, No. 97-6351, 1999 WL 455434, at *2-3 (6th Cir. June 24, 1999) (crime of manufacturing controlled substance does not require proof of distribution). It does not follow, however, that the Court should count the mother plants in this case, which requires possession with intent to distribute. See Rodriguez-Sanchez, 23 F.3d

at 1496 (crime of possession with intent to distribute focuses on intent to distribute).

Construed in the light most favorable to the government, the evidence at trial established that defendant possessed 101 plants and that he kept at least two of them – the mother plants – in a separate room for purposes of cloning. Brent Coup, special agent for the Drug Enforcement Agency ("DEA"), testified that defendant kept the mother plants in a continuous growth stage to cut off stems to clone into separate plants. According to Agent Coup, to successfully clone marijuana plants one must keep the mother plants from forming buds – the part of the plant which is good to smoke. The government presented no evidence that defendant intended to harvest or distribute marijuana from any part of the mother plants. The evidence is therefore insufficient to support a finding that defendant possessed the mother plants with intent to distribute marijuana from them.[2] Therefore, at most, defendant possessed 99 marijuana plants with intent to distribute, and he is entitled to a judgment of acquittal.

Alternatively, the interests of justice require the Court to grant a new trial. See Rule 33, Fed. R. Crim. Pro. As written, Instruction No. 15 allowed the jury to find that defendant possessed 100 or more plants and that he intended to distribute a controlled substance from any unspecified number of plants. It did not require the jury to find that defendant intended to distribute a controlled substance from 100 or more

---

[2] The Court recognizes that defendant intended to distribute the offspring of the mother plants. At the time in question, however, the clones were not separate "plants" and could not be counted as such. See, e.g., Curtis, 965 F.2d at 616. In determining the number of plants which defendant intended to distribute, the Court considers only the plants which existed on May 5, 2003, the day defendant's house was searched. See, e.g., United States Gallant, 25 F.3d 36, 40 (1st Cir. 1994) (rejecting argument that drug quantity should exclude plants which would be weeded out before distribution); United States v. Webb, 945 F.2d 967, 969 (7th Cir. 1991) (dismissing as irrelevant questions regarding "what if" defendant had been caught on a different day, i.e. after he weeded out male plants). The Court therefore takes a snapshot of circumstances which existed on May 5, 2003, and disregards the hypothetical number of potential offspring which defendant intended to distribute.

plants. Moreover, the Court should have instructed the jury that it could not consider plants which defendant held for purposes other than distribution, i.e. for cloning or solely for personal consumption.

**IT IS THEREFORE ORDERED** that defendant's Motion For Judgment Of Acquittal (Doc. #49) be and hereby is **SUSTAINED.** The Court directs the Clerk to enter a judgment of acquittal. The jury verdict is vacated and defendant is discharged.

**IT IS FURTHER ORDERED** that defendant's Motion For Review Of Detention Order be and hereby is **OVERRULED as moot.**

Dated this 9th day of June, 2005 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge