IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DANIEL MONTGOMERY, )<br>)<br>Defendant. )<br>) | CRIMINAL ACTION<br><br>No. 03-20127-KHV |

**MEMORANDUM AND ORDER**

On August 25, 2011, defendant wrote a letter which the Court construed as a motion for release of medical records. See Doc. #139. Defendant asked the Court to order the Bureau of Prisons ("BOP") to surrender all of his records to this Court. See id. Defendant stated that he was concerned about "having unnecessary procedures IE scope, liver biopsy, etc." Id. Defendant asserted that pursuant to BOP request, he sent a money order for $31.00 to obtain copies of his medical records and that the money order was cashed on October 27, 2010, but he did not receive the documents.

On September 28, 2011, the Court ordered the government to provide defendant's medical records by October 20, 2011, on pain of contempt. Doc. #140. The Court found that defendant's request arose in the context of these closed criminal proceedings and that the Court had ancillary jurisdiction to hear and determine defendant's motion. Id. at 2 (citing United States v. Hubbard, 650 F.2d 293, 307 (D.C. Cir. 1980)). The Court found that the government had not responded to defendant's motion and ordered it to provide defendant copies of his medical records. Id.

On October 12, 2011, the government responded to the order with, inter alia, a declaration of Lynnell Cox, a paralegal specialist with BOP, which stated that BOP did not receive a money order

or check from defendant to pay for the records.[1] <u>Response To The Court's Order To Produce FOIA Records And Motion To Reconsider</u> (Doc. #142) and Attachment 2 thereto ¶ 5. In light of that evidence, the Court suspended the order of September 28, 2011 pending satisfactory proof from defendant that he sent the correct payment for his medical records and that the government received it. <u>Order</u> (Doc. #143) filed October 19, 2011.

On December 22, 2011, defendant filed a response which included a copy of a money order in the amount of $31.00, which he contends was made out to and cashed by the Department of Justice on October 27, 2010. Doc. #146. Defendant states that he is a cancer survivor and that the government's actions in not providing his medical records "make it difficult to ascertain whether [his] aftercare is sufficient." <u>Id.</u> at 1.

On January 26, 2012, the Court ordered the government to file a response to defendant's proof of payment. <u>Order</u> (Doc. #147).

On February 3, 2012, the government filed a response which states, <u>inter alia</u>, that the Bureau of Prisons has processed defendant's document request and sent him 423 pages of documents via Federal Express. <u>Response To Defendant's "Proof Of Payment"</u> (Doc. #149).

On February 9, 2012, defendant filed a reply which acknowledges receipt of his medical records. Doc. #150. The reply also states, <u>inter alia</u>, as follows:

> During my incarceration I was diagnosed with lung cancer, sent to the FMC in Butner, NC. After refusing pain medication, I successfully completed radiation treatment; I could only absorb 4 of the 6 chemo treatments before having a terrible reaction. Yet on 1/2/08 Dr. Andes informed me that my cancer had gone into remission. In October I was informed my cancer was back. Having absorbed almost

---

[1] The government also stated that the Court should construe defendant's letter as an attempt to enforce rights under the Freedom of Information Act ("FOIA"), a civil matter over which defendant had not exhausted administrative remedies. <u>See</u> Doc. #142 at 4-7.

2

>   all the radiation I could previously, I pushed for surgery, which should have happened within a week or two after my initial biopsy. Upon my return to the FMC after successful surgery, I repeatedly requested morphine for my pain. The request was made because of their insistence that I ingest Percocet with some fentynal, this combination gives a morphine effect at an inexpensive cost. Throughout this process I explained I had an allergy to codeine, (I become violently ill, throwing up) having just had my lung sewed up, my concern was tearing open stitches from projectile vomiting. They refused all my requests for relief. . . . After I transfer my records to electronic data, I intend to send them to the OFFICE of QUALITY MONITORING JOINT COMMISSION ACCREDITATION of HEALTH CARE ORGANIZATIONS, they will know how to deal with the FMC, maybe they will agree with my allegation of torture.

Doc. #150.[2]

In light of the government's response of February 3 and defendant's reply of February 9, it would appear that defendant's request for copies of his medical records is moot. On February 21, 2012, however, defendant sent a letter to the Court which states that while he was transferring his medical records to electronic data, he noticed that "the BOP neglected to include any of the numerous

---

[2]    With regard to the government's failure to turn over his records in October, defendant states as follows:

>   This being a highly charged election year is the wrong time to irritate me. I'm going to do whatever I can to make sure a few attorneys are taken out of the public sector. During my wait for these Medical records, I turned down tremendous opportunities in other states, not to mention the passing of a fellow cancer survivor; we were going to design food stuffs to enhance recovery from this horrid disease. I believe the federal government has grossly abused their power in this instance. Of course, you're probably protected under the law for your indiscretions, and that is reason enough for me to see how you folks hold up in the court of public opinion! My apologies to this fine court; The Government has managed to elevate my blood pressure. I am seriously considering finding a country that will introduce this to the general assembly at the U.N. I think both civil and human rights have been abused, my hope is that this court issues a restraining order against all federal law enforcement, at the very least, make a ruling stating the federal government has abused my rights as a cancer survivor, and as an American citizen. Thank you for listening to my plight.

Doc. #150.

scans (X-rays, MRI's, CAT scans, and PET scans) of [his] upper torso." Doc. #151.[3]

At this point, it is not clear what if anything defendant is asking the Court to do. It appears that defendant disputes whether the government has provided all of his medical records and that defendant harbors claims of medical malpractice and/or civil right violations by prison personnel. The Court finds that any remaining disputes regarding defendant's medical records are outside the Court's ancillary jurisdiction to hear and determine only those claims which are closely related to and arising out of these criminal proceedings. See, e.g., Hubbard, 650 F.2d at 307; United States v. Janik, 804 F. Supp. 1065, 1066 (N.D. Ill. 1992). Accordingly, the Court declines to take any further action with regard to this matter.

**IT IS SO ORDERED**.

Dated this 8th day of March, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge

---

[3] In the letter, defendant apologizes that his previous response was borne out of frustration and "may have been a little over the top." Doc. #151.